MICHAEL P. HEALY, #4777-0
1188 Bishop Street, Suite 3304
Honolulu, HI 96813
Telephone: (808) 525-8584
Facsimile:  (808) 376-8695

CHARLES H. BROWER, #1980-0
900 Fort Street, Suite 1210
Honolulu, HI 96813
Telephone: (808) 526-2688
Facsimile:  (808) 526-0307
E-Mail: honolululaw808@gmail.com

Attorneys for Plaintiff
Harley Jordan

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HARLEY JORDAN, ) | CIVIL NO. _____ |
| ) | |
| Plaintiff, ) | COMPLAINT; JURY |
| ) | DEMAND; SUMMONS |
| vs. ) | |
| ) | |
| ULTIMATE INNOVATIONS, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

COMES NOW, Plaintiff HARLEY JORDAN, by and through his attorneys

Charles H. Brower and Michael P. Healy, and for cause of action against Defendant,

alleges and avers as follows:

## NATURE OF CASE

1.   Plaintiff HARLEY JORDAN (hereinafter "JORDAN") is and was at all times mentioned herein a resident of Honolulu, Hawaii.

2.   Defendant ULTIMATE INNOVATIONS, INC. (hereinafter "INNOVATIONS"), is and was at all times mentioned herein a domestic profit corporation incorporated in the State of Hawaii.

3.   Plaintiff was hired by Defendant INNOVATIONS on August 7, 2019.

4.   On June 30, 2021, Plaintiff was terminated from his position with Defendant INNOVATIONS due to disability discrimination.

## JURISDICTION

5.   The jurisdiction of this Court is pursuant to The Americans With Disability Act of 1990.

6.   The administrative prerequisites for filing this cause of action have been fulfilled.  A Dismissal and Notice of Rights was issued by the Equal Employment Opportunity Commission ("EEOC") on May 10, 2022. The basis of the Charge of Discrimination filed with the EEOC was disability discrimination.

## STATEMENT OF FACTS

7.   Plaintiff was hired by Defendant INNOVATIONS on August 7, 2019.

8.   On June 21, 2021, Plaintiff was working on removing an engine/trans from a golf cart. Plaintiff's hands were on each end of the leaf springs. The front of the

2

engine dropped causing the back end of the trans to jump up which slammed Plaintiff's left hand between the leaf spring and upper shackle.

9. Plaintiff called the supervisor to let him know that he got injured.

10. Plaintiff drove himself to the emergency room.

11. Plaintiff returned back to work on June 28, 2021, when the Site Supervisor asked Plaintiff if his hand was 100%. Plaintiff said, "No". The Manager asked Plaintiff "Do you have 100% release from your doctor?" Plaintiff said, "No". Plaintiff was then sent home.

12. On the same day, Plaintiff received a phone call from the Insurance Company, Crum & Forster asking Plaintiff why he did not return to work. Plaintiff responded by saying that he did, but was sent home by the Site Supervisor. She said she was not told that, instead she was told that Plaintiff did not return to work. At 4:30 p.m., that same day, the Manager called Plaintiff to tell him to return to work on Tuesday, June 29, 2021.

13. On Wednesday, June 30, 2021, Plaintiff was called into the office with the Managers. They wanted Plaintiff to sign a letter stating that he was told not to work on the gold cart that injured him. Plaintiff told them that he can not sign the letter because he was never told not to work on the cart, and that he can not sign something that is not true.

3

14. The Manager told Plaintiff that he had thrown the railing off the back of the same cart Plaintiff was injured from. Plaintiff said that that was not true, that the railing was stuck and Plaintiff had to pry them off the bed of the cart.

15. The Manager told Plaintiff that the company was letting him go for insubordination.

16. Plaintiff was asked again to sign the paperwork, and again Plaintiff said that he could not sign because it didn't happen and that she had already fired him and Plaintiff sees no reason to sign the paperwork now.

17. Plaintiff was also told by the Manager that because it is the last day of the month, Plaintiff would not get Cobra rights and that Plaintiff's medical coverage would end.

18. At 2:30 p.m., that same day, Plaintiff returned to the job site to gather his tools and personal belonging.

19. On July 1, 2021, Plaintiff went for a recheck of his left hand at Work Star and was told by the doctor to stay home until his next recheck on July 29, 2021.

20. Prior to Plaintiff's termination, Plaintiff did his job duties satisfactorily and never had any disciplinary action.

4

## STATEMENT OF CLAIMS

## COUNT I - DISABILITY DISCRIMINATION

21.  Plaintiff incorporates paragraphs 1 through 20 as though fully set forth herein.

22.  The Americans With Disabilities Act of 1990 prohibits discrimination due to a disability, and to provide a reasonable accommodation to a person with a disability.

23.  The aforesaid acts and/or conduct of Defendants constitute discrimination as they were acts and/or failure to act by Defendants and its employees in direct violation of the Americans With Disabilities Act of 1990.

24.  Plaintiff has suffered, as a direct and proximate result of the aforesaid conduct, damages by way of loss of earnings and earning capacity, loss of fringe and pension benefits, and other benefits due him.

25.  As a further direct and proximate result of said unlawful conduct, Plaintiff has suffered the indignity of harassment, the invasion of his right to be free from unlawful employment practices, and great humiliation, which is manifest in emotional distress.

26.  As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered mental anguish, outrage, depression, severe anxiety about his future and his ability to support himself, harm to his employability and

5

earning capacity as well as loss of a career advancement opportunity, painful embarrassment among his friends and co-workers, disruption of his personal life, and loss of enjoyment of the ordinary pleasures of everyday life for which he is entitled to an award of general damages.

27. The actions of Defendants and their employees as described above are oppressive, outrageous, and otherwise characterized by aggravating circumstances sufficient to justify the imposition of punitive damages.

WHEREFORE, upon a hearing hereof Plaintiff prays that judgment be entered on all Counts:

A.   For reinstatement to Plaintiff's position with Defendant including full benefits; and

B.   For all damages to which Plaintiff is entitled, including general damages and other damages to be proven at trial; and

C.   For special damages, including back pay, front pay and other expenses; and

D.   For punitive damages; and

E.   For attorney's fees, costs, and interest, including prejudgment interest; and

F.   For such other and further relief as is appropriate.

The total amount of damages prayed for exceeds the minimum jurisdictional limits of this Court.

DATED:  Honolulu, Hawaii, August 8, 2022.

 /s/ Charles H. Brower
CHARLES H. BROWER
MICHAEL P. HEALY
Attorneys for Plaintiff
Harley Jordan

7